IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELISHA COOLEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03-cv-681-A |
| | ) | |
| GREAT SOUTHERN WOOD | ) | |
| PRESERVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Strike the Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell (Doc. # 38) filed by Great Southern Wood Preserving, Inc. ("Great Southern" or "Defendant") on June 14, 2004, a Motion to Supplement Evidentiary Submissions in support of opposition to defendant's motion for summary judgment (Doc. #42) filed by Elisha Cooley, William J. Davis, Clifford Edgar, Willie Hackett Jr., and Michael Stephens ("Plaintiffs") on June 28, 2004, a Motion to Strike Plaintiffs' Opposition (Doc. #45) filed by Defendant on July 6, 2004, and a Motion to Deny or to Strike Plaintiffs' Motion to Supplement (Doc. #46) filed by Defendant on July 6, 2004.

Defendant filed a Motion for Summary Judgment on April 1, 2004 (Doc. # 16). Plaintiffs filed their Opposition to Defendant's Motion for Summary Judgment (Doc. #26) on May 10, 2004, which included an Evidentiary Submission in support (Doc. #28). On May 21, 2004, this court ordered that Plaintiffs be given additional time until June 7, 2004 to supplement their opposition to Defendant's Motion for Summary Judgment.

On June 7, 2004, Plaintiffs' filed an Evidentiary Submission in support of Opposition to Motion for Summary Judgment (Doc. #36), which included the affidavits of Marti Cunningham (Exhibit A), Kenneth Fells (Exhibit B), Kenneth Asberry (Exhibit C), and Frank Russell (Exhibit D) ("the affidavits").  Defendant moved this court to strike the affidavits on June 14, 2004 (Doc. # 38).  This court ordered Plaintiffs, by June 21, 2004, to show cause why Defendant's Motion to Strike the Affidavits should not be granted.  Plaintiffs did not do so and Defendant's Motion to Strike was taken under submission, without opposition, on June 21, 2004.

On June 28, 2004, Plaintiffs filed an untimely Opposition to Defendant's Motion to Strike the four affidavits, but with no motion to allow late filing and no explanation.   On July 6, 2004, Defendant filed a Motion to Strike and Reply to Plaintiffs' Opposition to Defendant's Motion to Strike Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell (Doc. #45).

On June 28, 2004, Plaintiffs also moved this court to allow them to supplement their existing evidentiary submissions in support of their opposition to Great Southern's motion for summary judgment with declarations by four of the plaintiffs and three attached exhibits (Doc. # 42).  This court then ordered Defendant, by July 6, 2004, to show cause as to why Plaintiffs' Motion to Supplement should not be granted.  On July 6, 2004, Defendant filed a Reply to Order to Show Cause, and Motion to Deny, or in the alternative, Motion to Strike Plaintiffs' Motion to Supplement Opposition to Defendant's Motion for Summary Judgment (Doc. #46).

For the reasons to be discussed, Defendant's Motion to Strike the Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell is due to be GRANTED.  Plaintiffs' Motion to Supplement Evidentiary Submissions in support of opposition to

defendant's motion for summary judgment is due to be DENIED. Defendant's Motion to Strike Plaintiffs' Opposition is due to be Granted, and Defendant's Motion to Deny, or in the alternative, Motion to Strike Plaintiffs' Motion to Supplement Evidentiary Submissions in support of opposition to defendant's motion for summary judgment are due to be Denied as moot.

## II. DISCUSSION

At issue is the Plaintiffs' filing of two sets of evidentiary submissions. Plaintiffs filed the first four submissions, the affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell on June 7, 2004, as part of Plaintiffs' supplementation to their existing Evidentiary Submission in support of Opposition to Motion for Summary Judgment. On June, 28, 2004, Plaintiffs then moved this court again to supplement their Opposition to Defendant's Motion for Summary Judgment with the second four contested submissions, the declarations of Plaintiffs Willie Hackett, William Davis, Elisha Cooley, and Michael Stephens ("the declarations").

A.  <u>The Affidavits</u>

Defendant moves this court to strike the affidavits, arguing that Federal Rule of Civil Procedure 37(c)(1) demands their automatic exclusion because Plaintiffs did not list the affiants in their Rule 26 disclosures, portions of the affidavits do not comply with the requirements of Rule 56(e), and Great Southern's Motion to Strike was not opposed in a timely fashion.

Defendant contends that its Motion to Strike the affidavits is due to be granted because the Plaintiffs did not contest it within the time allowed by the court for them to do so and before the motion was taken under submission. The court agrees. On June 14, 2004, the court entered

an order giving the Plaintiffs until June 21, 2004, to "show cause, if any there be . . . why the motion should not be granted", and providing that "[t]he motion will be taken under submission on that day for determination without oral hearing." (Doc. #40). June 21 came and went with no response by the Plaintiffs. Section 6 of the Uniform Scheduling Order entered by the court on October 21, 2003 (Doc. #13) specifically provided that, "[t]he failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion." Therefore, the Motion to Strike was submitted to the court for determination on June 21, 2004, without opposition. On June 28, a week after submission, Plaintiffs filed an opposition to the Motion to Strike, without a motion to allow late filing and without explanation or excuse for failing to oppose the motion within the time allowed. The opposition was untimely and the Motion to Strike is due to be granted on that basis. For the court to do otherwise would result in an important provision of this court's Uniform Scheduling Order, entered in all cases, being rendered meaningless.

In addition to the Motion to Strike having been submitted without opposition, there is another compelling reason that requires the motion to be granted.

Rule 26(a)(1)(A) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Neither Rule 26 nor the advisory notes define impeachment evidence. See Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). In Chiasson v. Zapata Gulf Marine Corporation, the Fifth Circuit held that:

> Substantive evidence is that which is offered to establish the truth of a matter to
> be determined by the trier of fact. . . . Impeachment evidence, on the other hand,

> is that which is offered to discredit a witness . . . to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her or her testimony.

988 F.2d 513, 517 (5th Cir. 1993) (quotations and brackets omitted).[1] Even though evidence might impeach a party by contradiction, this fact alone does not ensure the conclusion that the evidence is solely impeachment evidence. See Morgan v. Commercial Union Assurance Cos., 606 F.2d 554, 555-56 (5th Cir. 1979) (holding "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one.");[2] see also 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Jurisdiction § 2015, at 212 (2d ed. 1994).[3]

Rule 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed." The sanction of exclusion is thus automatic and mandatory unless the party offering

---

[1] The First Circuit also adopted this reasoning in Klonoski v. Mahlab, 156 F.3d at 270.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Wright and Miller state that:

> If a party plans to testify to one version of the facts, and the opponent has evidence supporting a different version of the facts, the opponent's evidence will tend to impeach the party by contradiction, but if discovery of this kind of evidence is not permitted the discovery rules might as well be repealed. Even those who have been most concerned about protecting impeachment material recognize that substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party.

5

the evidence can show that its violation of Rule 26(a) was either justified or harmless. See Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

Plaintiffs did not disclose Marti Cunningham, Kenneth Fells, Kenneth Asberry, or Frank Russell in their Initial Rule 26 Disclosures, which the parties had agreed to exchange by November 7, 2003 (Doc. #12), but which Plaintiffs served on Defendant a week late, on November 14, 2003. See Exhibit A to Motion to Strike (Doc. #38). The parties had also agreed in their Report of Parties Planning Meeting (Doc. #12) that "Supplementation under Rule 26(e) [would be] due 30 days prior to the discovery deadline [of May 3, 2004]", and this was incorporated into the court's scheduling order (Doc. #13) by Section 12. April 5 (April 3 being on Saturday) came and went, and the Plaintiffs did not supplement their disclosures to give the names of Cunningham, Asberry, Fells, or Russell. Neither was any motion to extend the time for disclosures filed, even though Defendant had filed its Motion for Summary Judgment on April 1. The original discovery deadline of May 3 passed, the extended discovery deadline of June 4 passed, and still no supplementation. The four affiants were first mentioned by Plaintiffs on June 7, 2004, when their affidavits were filed in opposition to Defendant's Motion for Summary Judgment.

In their untimely brief in Opposition to Defendant's Motion to Strike the affidavits, Plaintiffs do not offer any justification for their failure to disclose other than to argue that they were justified in not disclosing the affiants' names pursuant to Rule 26 because their testimony is provided solely for the purposes of impeaching the testimony of Great Southern's witnesses. In support of their argument that the affidavits contain solely impeachment evidence, Plaintiffs submit a definition from Black's Law Dictionary which states: Impeachment of witness[es] is

6

defined as[] "adducing proof that a witness who has testified in a cause is unworthy of credit." Plaintiffs' Opposition to Defendant's Motion to Strike at 1 (citing Black's Law Dictionary, 887 (4th ed. 1951)).

Even using Plaintiffs' proffered definition of impeachment evidence, none of the affidavits include specific testimony "that a witness who has testified in a cause is unworthy of credit." See id. The affidavits do not, as required to be covered by the impeachment exception to Rule 26 disclosures, "explain[] why the jury should not put faith in [the Defendant's witnesses] or [their] testimony." Chiasson, 988 F.2d at 517. Rather, the affidavits generally allege that the affiants were discriminated against on the basis of race. To the extent the affidavits impeach Great Southern's witnesses, they do so only by contradiction, and the affidavits certainly do not contain "solely impeachment" evidence. See FED. R. CIV. P. 26(a)(1)(A); Morgan, 606 F.2d at 555-56. Here, all four affidavits tend "to establish the truth of the matter to be determined by a trier of fact." See Klonoski, 156 F.3d at 270 (citing Chiasson, 988 F.2d at 518). Because the affiants' testimony is, at the very least in part substantive, the individuals should have been disclosed pursuant to Rule 26. See Chiasson, 988 F.2d at 517-18; Klonoski, 156 F.3d at 270 (holding that "some evidence serves both functions, and, because such evidence is not 'solely offered for impeachment,' it is not covered by the [impeachment] exception to the Rule 26 discovery requirements.").

Additionally, although Plaintiffs assert that Defendant failed to show that non-disclosure is harmful, it is the Plaintiffs' burden, as the party facing sanction, to show that the affiants' testimony is harmless. See Finley, 75 F.3d at 1230. Other than a conclusory statement that Defendant has not demonstrated that it was prejudiced, the Plaintiffs make no attempt to show

that the consideration of the disclosed affiants' testimony, proffered after discovery was closed, is harmless. As a result, both for the reason that the Plaintiffs did not contest Defendant's motion within the time allowed by the court and because Plaintiffs failed to comply with the disclosure requirements of Rule 26, Defendant's Motion to Strike the Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell is due to be GRANTED.

B.     The Declarations

On July 28, 2004, Plaintiffs moved this court to supplement their Opposition to Defendant's Motion for Summary Judgment with a second set of submissions, the declarations of Plaintiffs Willie Hackett, William Davis, Elisha Cooley, and Michael Stephens ("the declarations") and three exhibits relating to Mr. Davis' health. By earlier order, this court had given Plaintiffs until June 7, 2004, to supplement their existing Opposition to Defendant's Motion for Summary Judgment and existing Evidentiary Submissions. On June 7, 2004, Plaintiffs filed their supplementation to their Opposition to Defendant's Motion for Summary Judgment, which included a Memorandum in Support of their Opposition and numerous Evidentiary Submissions in support of their Opposition. On June 14, 2004, Defendant filed its timely reply brief in support of its motion for summary judgment that responded to Plaintiffs' opposition, and the motion for summary judgment came under submission. Two weeks after submission, through their July 28, 2004 Motion to Supplement, Plaintiffs now move the court to allow them to supplement their opposition again by submitting declarations by four of the five plaintiffs, all witnesses who were previously available.

Plaintiffs make no attempt to explain why they did not include the party declarations along with their opposition material filed three weeks earlier on this court's established deadline.

Without so much as a timely motion to request an extension or an explanation in Plaintiffs' motion to supplement, the court finds it difficult to look past the untimely filing of a motion to supplement consisting of Plaintiffs' own declarations and exhibits relating to health evaluations completed in late March, 2004. The court finds that Plaintiffs have failed to present any compelling justification for their Motion to Supplement to be granted. As a result, Plaintiffs' Motion to Supplement Evidentiary Submissions in support of opposition to defendant's motion for summary judgment is due to be DENIED.

## V. CONCLUSION AND ORDER

For the reasons discussed above, it is hereby ORDERED as follows:

1) Defendant's Motion to Strike the Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry, and Frank Russell (Doc. #38) is GRANTED.

2) Plaintiffs' Motion to Supplement Evidentiary Submissions in support of opposition to defendant's motion for summary judgment (Doc. #42) is DENIED.

3) Defendant's Motion to Strike Plaintiffs' Opposition to Defendant's Motion to Strike Affidavits of Marti Cunningham, Kenneth Fells, Kenneth Asberry and Frank Russell (Doc. #45) is GRANTED.

4) Defendant's Motion to Deny or in the Alternative Motion to Strike Plaintiffs' Motion to Supplement Evidentiary Submissions in support of opposition to defendant's motion for summary judgment (Doc. #46) is DENIED as moot.

Done this 30th day of September, 2004.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE